UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x

ANNGEANNETTE PINKSTON

                                   Plaintiff,

        -against-

THE CITY OF NEW YORK; NEW YORK CITY POLICE
PENSION FUND; BILL DE BLASIO, as Mayor and
Trustee of the NEW YORK CITY POLICE PENSION FUND;
SCOTT STRINGER, as Comptroller; JAMES P. O'NEILL, as Police
Commissioner, Police Department City of New York and Chairman,
Board of Trustees, New York City Police Pension Fund; JACQUES
JIHA, as Commissioner of Finance; MERRIT RILEY, as Chairman,
Board of Trustees, New York City Police Pension Fund; KEVIN
HALLORAN, as Executive Director, New York City Police Pension Fund;
VASILIOS SIERROS, M.D., as Medical Doctor, Department of Citywide
Administrative Services, New York City Police Pension Fund; SOUNDER
ESWAR, M.D., as Medical Doctor, New York City Police Pension Board
Article II; SOFIYA PRILIK M.D., as Medical Doctor, Department of
Health, New York City Police Pension Fund; DOROTHY KUNSTADT,
M.D., as Medical Doctor, New York City Police Pension Board Article II and
PAUL A.C. GREENBERG, M.D., as Medical Doctor, Department of
Health, New York City Police Pension Fund, each sued individually in their
official capacities as employees of defendants THE CITY OF NEW YORK
and NEW YORK CITY POLICE PENSION FUND

                                  Defendants'
-----------------------------------------------------------------------------x

COMPLAINT
JURY DEMAND

       The plaintiff ANNGEANNETTE PINKSTON through her attorney THE SANDERS

FIRM, P.C., files this federal complaint against defendants' THE CITY OF NEW YORK; NEW

YORK CITY POLICE PENSION FUND; BILL DE BLASIO; SCOTT STRINGER; JAMES P.

O'NEILL; JACQUES JIHA; MERRIT RILEY; KEVIN HALLORAN; VASILIOS

SIERROS, M.D.; SOUNDER ESWAR, M.D.; SOFIYA PRILIK M.D.; DOROTHY

KUNSTADT, M.D., and PAUL A.C. GREENBERG, M.D., respectfully set forth and allege that:

## INTRODUCTION

This is an action for equitable relief and money damages on behalf of the plaintiff ANNGEANNETTE PINKSTON, (hereinafter referred to as "plaintiff") who was being deprived of her statutory rights as an employee because of defendants' THE CITY OF NEW YORK; NEW YORK CITY POLICE PENSION FUND; BILL DE BLASIO; SCOTT STRINGER; JAMES P. O'NEILL; JACQUES JIHA; MERRIT RILEY; KEVIN HALLORAN; VASILIOS SIERROS, M.D.; SOUNDER ESWAR, M.D.; SOFIYA PRILIK M.D.; DOROTHY KUNSTADT, M.D., and PAUL A.C. GREENBERG, M.D.'S race discrimination during the two-step interactive process while evaluating Accidental and Ordinary Disability Retirement pension applications of participating members of the New York City Police Pension Fund.

## JURISDICTION AND VENUE

1.     The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

    a.     the Civil Rights Act of 1871, 42 U.S.C. § 1983;

    b.      New York State Executive Law § 296; and

    c.     New York City Administrative Code § 8-107.

2.     The unlawful practices, violations of plaintiff's statutory rights as an employee complained of herein were committed within the Eastern and Southern Districts.

## PROCEDURAL REQUIREMENTS

3.     Plaintiff has filed suit with this Court within applicable statue of limitations.

## PLAINTIFF

4.     Plaintiff ANNGEANNETTE PINKSTON is a female citizen of the United States of America, over twenty-one (21) years of age and retired employee of defendant THE CITY OF

NEW YORK.

     5.      Plaintiff self-identifies as an African-American Female.

## DEFENDANTS'

     6.      Defendant THE CITY OF NEW YORK is a municipal corporation organized under the laws of the State of New York and at all relevant time's plaintiff's employer.

     7.      Defendant NEW YORK CITY POLICE PENSION FUND is a municipal corporation organized under the laws of the State of New York created to handle the pension obligations related to uniformed employees of the Police Department City of New York.

     8.      Defendant BILL DE BLASIO, as Mayor and Trustee of defendant NEW YORK CITY POLICE PENSION FUND.

     9.      Defendant SCOTT STRINGER, as Comptroller.

     10.     Defendant JAMES P. O'NEILL, as Police Commissioner, Police Department City of New York and Chairman of the Board of Trustees, New York City Police Pension Fund.

     11.     Defendant JACQUES JIHA, as Commissioner of Finance.

     12.     Defendant MERRIT RILEY, as Chairman, Board of Trustees, New York City Police Pension Fund.

     13.     Defendant KEVIN HALLORAN, as Executive Director, New York City Police Pension Fund.

     14.     Defendant VASILIOS SIERROS, M.D., as Medical Doctor, Department of Citywide Administrative Services, New York City Police Pension Fund.

     15.     Defendant SOUNDER ESWAR, M.D., as Medical Doctor, New York City Police Pension Board Article II.

     16.     Defendant SOFIYA PRILIK M.D., as Medical Doctor, Department of Health,

New York City Police Pension Fund.

17.     Defendant DOROTHY KUNSTADT, M.D., as Medical Doctor, New York City Police Pension Board Article II.

18.     Defendant PAUL A.C. GREENBERG, M.D., as Medical Doctor, Department of Health, New York City Police Pension Fund.

## BACKGROUND

19.     Plaintiff alleges that Title VII of the Civil Rights Act of 1964 prohibits race discrimination during the two-step interactive process while evaluating Accidental and Ordinary Disability Retirement pension applications of participating members of the New York City Police Pension Fund.

20.     Plaintiff alleges that during the two-step interactive process while evaluating Accidental and Ordinary Disability Retirement pension applications of participating members of the New York City Police Pension Fund where the administration results in disparate treatment or disparate impact upon applicants based upon race, violates Title VII of the Civil Rights Act of 1964.

21.     Plaintiff alleges defendants' THE CITY OF NEW YORK and NEW YORK CITY POLICE PENSION FUND as employers, have a legal obligation to ensure applicants receive a fair opportunity to qualify for Accidental or Ordinary Disability retirement pension benefits.

22.     Plaintiff alleges that defendants' THE CITY OF NEW YORK and NEW YORK CITY POLICE PENSION FUND as employers, knows or should have known that the two-step interactive process while evaluating Accidental and Ordinary Disability Retirement pension applications by the Medical and Pension Boards are fraught with "subjectivity" and "implicit

4

bias", thereby creating the opportunity for disparate treatment or disparate impact upon applicants due to their race.

23.     Plaintiff alleges that defendants' THE CITY OF NEW YORK and NEW YORK CITY POLICE PENSION FUND as employers, upon information and belief, does not review the two-step interactive process while evaluating Accidental and Ordinary Disability Retirement pension applications of participating members of the New York City Police Pension Fund to ensure they are statistically valid, reliable and devoid of racial bias.

24.     Plaintiff alleges that defendants' THE CITY OF NEW YORK and NEW YORK CITY POLICE PENSION FUND as employers, upon information and belief, does not administer the two-step interactive process while evaluating Accidental and Ordinary Disability Retirement pension applications of participating members of the New York City Police Pension Fund in a standardized manner to ensure that all pension applicants are reviewed in the same manner.

25.     Plaintiff alleges that defendants' THE CITY OF NEW YORK and NEW YORK CITY POLICE PENSION FUND as employers, upon information and belief, does not monitor the two-step interactive process while evaluating Accidental and Ordinary Disability Retirement pension applications of participating members of the New York City Police Pension Fund to ensure there is no disparate treatment or disparate impact upon applicants due to race.

26.     Plaintiff alleges that defendants' THE CITY OF NEW YORK and NEW YORK CITY POLICE PENSION FUND as employers, upon information and belief, does not monitor workplace statistics on attrition, theft, turnover, and production to determine whether the use of the two-step interactive process while evaluating Accidental and Ordinary Disability Retirement pension applications of participating members of the New York City Police Pension Fund have a

disparate treatment or disparate impact upon applicants due to their race.

27.    Plaintiff alleges that defendants' THE CITY OF NEW YORK; NEW YORK

CITY POLICE PENSION FUND; BILL DE BLASIO; SCOTT STRINGER; JAMES P.

O'NEILL; JACQUES JIHA; MERRIT RILEY; KEVIN HALLORAN; VASILIOS SIERROS,

M.D.; SOUNDER ESWAR, M.D.; SOFIYA PRILIK M.D.; DOROTHY KUNSTADT, M.D.,

and PAUL A.C. GREENBERG, M.D., and other stakeholders charged with managing the

pension fund created, supports and condones race discrimination during the two-step interactive

process while evaluating Accidental and Ordinary Disability Retirement pension applications of

participating members of the New York City Police Pension Fund.

28.    Plaintiff alleges that during the first part of the two-step interactive process,

defendants' THE CITY OF NEW YORK; NEW YORK CITY POLICE PENSION FUND; BILL

DE BLASIO; SCOTT STRINGER; JAMES P. O'NEILL; JACQUES JIHA; MERRIT RILEY;

KEVIN HALLORAN; VASILIOS SIERROS, M.D.; SOUNDER ESWAR, M.D.; SOFIYA

PRILIK M.D.; DOROTHY KUNSTADT, M.D., and PAUL A.C. GREENBERG, M.D., and

other stakeholders adopt significantly more Accidental and Ordinary Disability determinations

when the Medical Board approves the Accidental and Ordinary Disability Retirement pension

applications of Caucasian officers.

29.    Plaintiff alleges that during the first part of the two-step interactive process,

defendants' THE CITY OF NEW YORK; NEW YORK CITY POLICE PENSION FUND; BILL

DE BLASIO; SCOTT STRINGER; JAMES P. O'NEILL; JACQUES JIHA; MERRIT RILEY;

KEVIN HALLORAN; VASILIOS SIERROS, M.D.; SOUNDER ESWAR, M.D.; SOFIYA

PRILIK M.D.; DOROTHY KUNSTADT, M.D., and PAUL A.C. GREENBERG, M.D., and

other stakeholders challenge significantly more Accidental and Ordinary Disability

determinations when the Medical Board approves the Accidental and Ordinary Disability

Retirement pension applications of Blacks, Hispanics and other police officers of color.

30.     Plaintiff alleges that during the second part of the two-step interactive process,

defendants' THE CITY OF NEW YORK; NEW YORK CITY POLICE PENSION FUND; BILL

DE BLASIO; SCOTT STRINGER; JAMES P. O'NEILL; JACQUES JIHA; MERRIT RILEY;

KEVIN HALLORAN; VASILIOS SIERROS, M.D.; SOUNDER ESWAR, M.D.; SOFIYA

PRILIK M.D.; DOROTHY KUNSTADT, M.D., and PAUL A.C. GREENBERG, M.D., and

other stakeholders approve significantly more Accidental and Ordinary Disability Retirement

pension applications of Caucasian police officers with little or no medical documentation

ultimately finding causation leading to an award of an Accidental or Ordinary Disability

Retirement Pension to the member with enhanced benefits.

31.     Plaintiff alleges that during the second part of the two-step interactive process,

defendants' THE CITY OF NEW YORK; NEW YORK CITY POLICE PENSION FUND; BILL

DE BLASIO; SCOTT STRINGER; JAMES P. O'NEILL; JACQUES JIHA; MERRIT RILEY;

KEVIN HALLORAN; VASILIOS SIERROS, M.D.; SOUNDER ESWAR, M.D.; SOFIYA

PRILIK M.D.; DOROTHY KUNSTADT, M.D., and PAUL A.C. GREENBERG, M.D., and

other stakeholders disapprove significantly more Accidental and Ordinary Disability Retirement

pension applications of Blacks, Hispanics and other police officers of color with little or no

medical documentation ultimately finding no causation leading to a denial of an Accidental or

Ordinary Disability Retirement Pension to the member with enhanced benefits.

32.     Plaintiff alleges that in or about September 2014, she officially retired from the

NYPD.

33.     Plaintiff alleges that on or about December 22, 2014, she filed an application with

defendants' THE CITY OF NEW YORK and NEW YORK CITY POLICE PENSION FUND
seeking Accidental Disability Retirement pension benefits under the World Trade Center Law
for 'pulmonary conditions' related to her assignment during September 11, 2001.

34.     Plaintiff alleges that on or about March 9, 2016, defendants' THE CITY OF NEW
YORK and NEW YORK CITY POLICE PENSION FUND through defendants' VASILIOS
SIERROS, M.D.; SOUNDER ESWAR, M.D. and SOFIYA PRILIK M.D.; 'disapproved' the
application for Accidental Disability Retirement pension benefits finding her to be disabled due
to a thyroid condition, namely Graves' disease with ophthalmopathy but found that her condition
was not eligible under the World Trade Center Law and recommended her application be denied.

35.     Plaintiff alleges that on or about September 26, 2016, defendants' THE CITY OF
NEW YORK; NEW YORK CITY POLICE PENSION FUND; BILL DE BLASIO; SCOTT
STRINGER; JAMES P. O'NEILL; JACQUES JIHA; MERRIT RILEY and KEVIN
HALLORAN notified her that the Pension Board 'disapproved' the application for Accidental
Disability Retirement pension benefits and remanded the application to the Article II Medical
Board citing 'new evidence.'

36.     Plaintiff alleges that on or about February 22, 2017, defendants' THE CITY OF
NEW YORK and NEW YORK CITY POLICE PENSION FUND through defendants'
VASILIOS SIERROS, M.D.; SOUNDER ESWAR, M.D.; SOFIYA PRILIK M.D.;
'disapproved' the application for Accidental Disability Retirement pension finding she is not
'permanently disabled' due to asthma.

37.     Plaintiff alleges that on or about May 16, 2018, defendants' THE CITY OF NEW
YORK and NEW YORK CITY POLICE PENSION FUND through defendants' VASILIOS
SIERROS, M.D.; SOUNDER ESWAR, M.D. and PAUL A. C. GREENBERG, M.D.,

'disapproved' the application for Accidental Disability Retirement pension benefits finding her not disabled due to a thyroid disease or respiratory condition and recommended her application be denied.

38.     Plaintiff alleges that on or about September 13, 2018, defendants' THE CITY OF NEW YORK; NEW YORK CITY POLICE PENSION FUND; BILL DE BLASIO; SCOTT STRINGER; JAMES P. O'NEILL; JACQUES JIHA; MERRIT RILEY and KEVIN HALLORAN notified her that the Pension Board disapproved the application for Accidental Disability Retirement pension benefits.

39.     Plaintiff alleges meanwhile, at least six (6) Caucasian officers and others since 1991 were approved by Members of the Board of Trustees despite their "lack of records." For example, Former Chief of Department Robert Johnson, Jr. (1991 alleged hearing loss); Former Chief of Detectives William Alee (2005 alleged hearing loss); Former Inspector Peter Winski (2008 or so alleged back); Former Inspector Richard Miller (2010 or so alleged knee injury); Former Deputy Inspector John Bloch (2014 alleged shoulder) and Former Chief of Personnel Thomas Dale (2014 alleged cancer).

40.     Plaintiff alleges that defendants' THE CITY OF NEW YORK; NEW YORK CITY POLICE PENSION FUND; BILL DE BLASIO; SCOTT STRINGER; JAMES P. O'NEILL; JACQUES JIHA; MERRIT RILEY; KEVIN HALLORAN; VASILIOS SIERROS, M.D.; SOUNDER ESWAR, M.D.; SOFIYA PRILIK M.D.; DOROTHY KUNSTADT, M.D., and PAUL A.C. GREENBERG, M.D.,'S collective conduct caused her to be denied an Accidental Disability Retirement pension due to race discrimination during the two-step interactive process while evaluating Accidental and Ordinary Disability Retirement pension applications of participating members of the New York City Police Pension Fund in violation of

the Civil Rights Act of 1871, 42 U.S.C. § 1983; New York State Executive Law § 296 and New

York City Administrative Code § 8-107.

## VIOLATIONS AND CLAIMS ALLEGED
### COUNT I
### RACE DISCRIMINATION
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

41.     Plaintiff re-alleges Paragraphs 1 through 40 and incorporates them by reference as

Paragraphs 1 through 40 of Count I of this Complaint.

42.     Plaintiff alleges that defendants' BILL DE BLASIO; SCOTT STRINGER;

JAMES P. O'NEILL; JACQUES JIHA; MERRIT RILEY; KEVIN HALLORAN; VASILIOS

SIERROS, M.D.; SOUNDER ESWAR, M.D.; SOFIYA PRILIK M.D.; DOROTHY

KUNSTADT, M.D., and PAUL A.C. GREENBERG, M.D., discriminated against her based upon

her race.

43.     Plaintiff alleges as a direct and proximate result of the unlawful practices of

defendants' BILL DE BLASIO; SCOTT STRINGER; JAMES P. O'NEILL; JACQUES JIHA;

MERRIT RILEY; KEVIN HALLORAN; VASILIOS SIERROS, M.D.; SOUNDER ESWAR,

M.D.; SOFIYA PRILIK M.D.; DOROTHY KUNSTADT, M.D., and PAUL A.C.

GREENBERG, M.D., she has suffered the indignity of race discrimination and great humiliation.

44.     Plaintiff alleges that because of defendants' BILL DE BLASIO; SCOTT

STRINGER; JAMES P. O'NEILL; JACQUES JIHA; MERRIT RILEY; KEVIN HALLORAN;

VASILIOS SIERROS, M.D.; SOUNDER ESWAR, M.D.; SOFIYA PRILIK M.D.; DOROTHY

KUNSTADT, M.D., and PAUL A.C. GREENBERG, M.D.'S violations, she has suffered mental

anguish.

## COUNT II
## RACE DISCRIMINATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

45.    Plaintiff re-alleges Paragraphs 1 through 44 and incorporates them by reference as Paragraphs 1 through 44 of Count II of this Complaint.

46.    Plaintiff alleges that defendants' THE CITY OF NEW YORK; NEW YORK CITY POLICE PENSION FUND; BILL DE BLASIO; SCOTT STRINGER; JAMES P. O'NEILL; JACQUES JIHA; MERRIT RILEY; KEVIN HALLORAN; VASILIOS SIERROS, M.D.; SOUNDER ESWAR, M.D.; SOFIYA PRILIK M.D.; DOROTHY KUNSTADT, M.D., and PAUL A.C. GREENBERG, M.D., discriminated against her based upon her race.

47.    Plaintiff alleges as a direct and proximate result of the unlawful practices of defendants' THE CITY OF NEW YORK; NEW YORK CITY POLICE PENSION FUND; BILL DE BLASIO; SCOTT STRINGER; JAMES P. O'NEILL; JACQUES JIHA; MERRIT RILEY; KEVIN HALLORAN; VASILIOS SIERROS, M.D.; SOUNDER ESWAR, M.D.; SOFIYA PRILIK M.D.; DOROTHY KUNSTADT, M.D., and PAUL A.C. GREENBERG, M.D., she has suffered the indignity of race discrimination and great humiliation.

48.    Plaintiff alleges that because of defendants' THE CITY OF NEW YORK; NEW YORK CITY POLICE PENSION FUND; BILL DE BLASIO; SCOTT STRINGER; JAMES P. O'NEILL; JACQUES JIHA; MERRIT RILEY; KEVIN HALLORAN; VASILIOS SIERROS, M.D.; SOUNDER ESWAR, M.D.; SOFIYA PRILIK M.D.; DOROTHY KUNSTADT, M.D., and PAUL A.C. GREENBERG, M.D.'S violations, she has suffered mental anguish.

## COUNT III
## RACE DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-107

49.    Plaintiff re-alleges Paragraph 1 through 48 and incorporates them by reference as Paragraph 1 through 48 of Count III of this Complaint.

50.    Plaintiff alleges that New York City Administrative Code § 8-107 makes it unlawful to discriminate against any individual in terms, conditions, or privilege of employment because of their race.

51.    Plaintiff alleges that defendants' THE CITY OF NEW YORK; NEW YORK CITY POLICE PENSION FUND; BILL DE BLASIO; SCOTT STRINGER; JAMES P. O'NEILL; JACQUES JIHA; MERRIT RILEY; KEVIN HALLORAN; VASILIOS SIERROS, M.D.; SOUNDER ESWAR, M.D.; SOFIYA PRILIK M.D.; DOROTHY KUNSTADT, M.D., and PAUL A.C. GREENBERG, M.D., discriminated against her because of her race.

52.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' THE CITY OF NEW YORK; NEW YORK CITY POLICE PENSION FUND; BILL DE BLASIO; SCOTT STRINGER; JAMES P. O'NEILL; JACQUES JIHA; MERRIT RILEY; KEVIN HALLORAN; VASILIOS SIERROS, M.D.; SOUNDER ESWAR, M.D.; SOFIYA PRILIK M.D.; DOROTHY KUNSTADT, M.D., and PAUL A.C. GREENBERG, M.D., she suffered the indignity of race discrimination and great humiliation.

53.    Plaintiff alleges that defendants' THE CITY OF NEW YORK; NEW YORK CITY POLICE PENSION FUND; BILL DE BLASIO; SCOTT STRINGER; JAMES P. O'NEILL; JACQUES JIHA; MERRIT RILEY; KEVIN HALLORAN; VASILIOS SIERROS, M.D.; SOUNDER ESWAR, M.D.; SOFIYA PRILIK M.D.; DOROTHY KUNSTADT, M.D., and PAUL A.C. GREENBERG, M.D.'S violations caused her mental anguish.

## **JURY TRIAL**

54.    Plaintiff demands a trial by jury of all issues in this action that are so triable.

**PRAYER FOR RELIEF**

Wherefore, plaintiff demands compensatory and punitive damages from defendants' THE

CITY OF NEW YORK; NEW YORK CITY POLICE PENSION FUND; BILL DE BLASIO;

SCOTT STRINGER; JAMES P. O'NEILL; JACQUES JIHA; MERRIT RILEY; KEVIN

HALLORAN; VASILIOS SIERROS, M.D.; SOUNDER ESWAR, M.D.; SOFIYA PRILIK

M.D.; DOROTHY KUNSTADT, M.D., and PAUL A.C. GREENBERG, M.D., jointly and

severally, in an amount to be determined at trial, plus any all available statutory remedies, both

legal and equitable, and interests and costs.

Dated: November 11, 2018
       New York, NY

Respectfully submitted,

By: _____
       Eric Sanders

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
30 Wall Street, 8th Floor
New York, NY 10005
(212) 652-2782 (Business Telephone)
(212) 652-2783 (Facsimile)

Website: http://www.thesandersfirmpc.com